UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

                                            Case No. DG 13-09664
MARK VAN BUREN,                             Hon. Scott W. Dales
                                            Chapter 7

            Debtor.
_____/


MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

After moving the court to reopen his case, chapter 7 debtor Mark Van Buren (the "Debtor"), through counsel, filed a Motion for Contempt and Entry of Sanctions for Violation of the Discharge Injunction Under 11 U.S.C. § 524 and for Award for Damages (the "Contempt Motion," DN 17).  The Contempt Motion alleges that HSBC Bank USA, N.A. ("HSBC") is improperly reporting that the Debtor's debt is "charged off," even though the Debtor received a chapter 7 discharge.  The Debtor contends that reporting the discharged debt in this manner amounts to contempt of the court's discharge injunction.

On January 21, 2015, in Grand Rapids, the court held a hearing on the Contempt Motion.  Counsel for the Debtor appeared, but the Debtor, himself, did not attend.  HSBC did not attend the hearing and did not file papers in opposition to the Contempt Motion.  Nevertheless, for the reasons set forth on the record, and those set forth here, the court will deny the Contempt Motion.

During the January 21, 2015 hearing on the Contempt Motion, the Debtor's counsel conceded, in response to the court's inquiry, that other than reporting the discharged debt as "charged off" rather than "discharged," HSBC has taken no action to collect the debt.  As far as the record shows, for example, HSBC has not offered to report

the debt as discharged in exchange for payment from the Debtor, which would certainly have presented a stronger case for contempt.  Indeed, in neither of the two declarations filed in support of the Contempt Motion does the Debtor describe any affirmative collection activity on HSBC's part.

Moreover, both declarations omit any statement indicating that the Debtor asked HSBC to correct the report, yet the Contempt Motion cites *Winslow v. Salem Five Mortgage Co. (In re Winslow)*, 391 B.R. 212, 216 (Bankr. D. Me. 2008), intimating that the Debtor made such a request.

There is nothing in the record to suggest that the debt is not "charged off" and that HSBC is continuing its collection activity.  Certainly, the opinion piece from the New York Times, which refers to collection activity by JPMorgan Chase, Bank of America, Citigroup and Synchrony Financial, formerly known as GE Capital Retail Finance, does not suffice as evidence of HSBC's contempt of the Debtor's discharge in this case.

For that matter, the Contempt Motion does not allege that HSBC made the allegedly offending statement that the Debtor's debt is "charged off" after the Debtor received his discharge.  It is conceivable, therefore, that the act of which the Debtor complains -- reporting the debt as "charged off" -- predated the discharge, making contempt of the discharge impossible.  A bankruptcy discharge acts as an injunction against collection activity; it does not direct a creditor to take any affirmative action.  *See, generally,* 11 U.S.C. § 524(a).

Finally, the Debtor states, at paragraph 25 of his supplemental declaration (DN 20), that "[t]he attorneys' fees I have thus far incurred are in the amount of $1,852.00."  Presumably this refers to charges by the attorney that signed the Contempt

Motion, David P. Leibowitz, Esq., of Chicago's Allen Chern Law PLLC, or Morris B. Lefkowitz, Esq., who argued the motion.   Neither attorney, however, has filed a statement under 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016.  Each shall comply with these requirements, albeit belatedly, or explain why compliance is unnecessary. Certainly, both attorneys have appeared in this case on the Debtor's behalf ostensibly to secure the benefits of his discharge, thereby representing him "in the case" or "in connection with the case" that the court reopened at his request.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.      The Contempt Motion (DN 17) is DENIED;

2.      Within 7 days after entry of this Memorandum of Decision and Order, David P. Leibowitz, Esq., shall file a statement either complying with 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016, or explaining why compliance is unnecessary; and

3.      Within 7 days after entry of this Memorandum of Decision and Order, Morris B. Lefkowitz, Esq., shall file a statement either complying with 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016, or explaining why compliance is unnecessary.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mark Van Buren, David P. Leibowitz, Esq., Morris B. Lefkowitz, Esq., Marcia R. Meoli, Esq., HSBC Bank USA, N.A., and Matthew W. Cheney, Esq. (by first class mail addressed to the United States Trustee's Grand Rapids Office).

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 26, 2015**



_____
Scott W. Dales
United States Bankruptcy Judge